UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

*Filed Electronically*

**In re: 227 Bryan Street, Glasgow, Kentucky 42141**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:20-cv-138-GNS |
| PLAINTIFF | |
| VS. | |
| UNKNOWN SPOUSE OF ROSEMARIE CLEMONS, | |
| **Serve via Warning Order Attorney** | |
| UNKNOWN HEIRS OF ROSEMARIE CLEMONS, | |
| **Serve via Warning Order Attorney** | |
| UNKNOWN SPOUSES OF UNKNOWN HEIRS OF ROSEMARIE CLEMONS, | |
| **Serve via Warning Order Attorney** | |
| ELLAMAE STEPHAN, | |
| **Serve via Certified Mail:** **P O Box 1491 Allyn, WA 98524** | |
| DANNY STEPHAN, | |
| **Serve via Certified Mail:** **P O Box 1491 Allyn, WA 98524** | |
| LEROY NICHOLS, | |
| **Serve via Certified Mail:** **1007 Nan Bishop Road Glasgow, KY 42141** | |

LISA NICHOLS,

**Serve via Certified Mail:**      **1007 Nan Bishop Road**
                                                    **Glasgow, KY 42141**

AND

CITY OF GLASGOW, KENTUCKY,

**Serve via Certified Mai:**      **Harold Armstrong, Mayor**
                                                **P O Box 278**
                                                **Glasgow, KY 42142**

                    DEFENDANTS

## COMPLAINT *IN REM*

********

Comes now the Plaintiff, the United States of America, by and through counsel, and for its Complaint and cause of action against the Defendants states as follows:

1. This real estate mortgage foreclosure action is brought by the United States of America, on behalf of its Department of Agriculture, Rural Development (hereinafter "RD"), pursuant to Title 28, United States Code, Section 1345.

2. On or about July 11, 2007, Rosemarie Clemons, for value received, executed and delivered to RD a promissory mortgage note (hereinafter "Note") (account no. Ending 7714) in the principal amount of $45,500.00, bearing interest at the rate of 5.75 percent per annum, the Note calling for monthly payments of principal and interest.  A copy of this Note is attached hereto marked Exhibit A, and hereby incorporated by reference as if set forth at length herein.

3. Contemporaneously with the execution of the Note, Rosemarie Clemons, executed, acknowledged, and delivered to RD a real estate mortgage (hereinafter "Mortgage"),

which was recorded on July 11, 2007, in Mortgage Book 373, Page 693, in the Commonwealth of Kentucky, Barren County Clerk's Office.  In and by this Mortgage, said borrower granted to RD a first mortgage lien against the real property described in the Mortgage located in Barren County, Kentucky (hereinafter "Property").  A copy of this Mortgage is attached hereto marked Exhibit B, and is hereby incorporated by reference as if set forth at length herein.

4. Contemporaneously with the execution of the Note and Mortgage, Rosemarie Clemons, executed, acknowledged, and delivered to RD a Subsidy Repayment Agreement (hereinafter "Subsidy Agreement").  A copy of this Subsidy Agreement is attached hereto marked Exhibit C, and hereby incorporated by reference as if set forth at length herein.

5. On or about March 10, 2009, Rosemarie Clemons, for value received, executed and delivered to RD a promissory mortgage note (hereinafter "Note") (account no. ending 9956) in the principal amount of $7,465.00, bearing interest at the rate of 1.0 percent per annum, the Note calling for monthly payments of principal and interest.  A copy of this Note is attached hereto marked Exhibit D, and hereby incorporated by reference as if set forth at length herein.

6. By virtue of all of the foregoing, the real property which is the subject of this mortgage foreclosure action consists of a tract of land located in Barren County, Kentucky, and more particularly described as follows:

> Survey as shown on Plat of Property of Michael Davis, recorded in Plat Book 18, page 332 (D.B. 198 Pg. 371, W.B. 15 Pg. 779, a portion of Lot #28 all of Lot #29, 30 & 31 of Section "E" of the Strader Addition of P.B. 1 Pg. 75) Barren County Clerk's Office, Glasgow, Kentucky, described as follows:
>
> Unless stated otherwise, any monument referred to herein as a "set rebar" is 5/8 inches in diameter, twenty-four inches in length with plastic cap stamped Joe R.

Leftwich PLS #3013. All bearing stated herein are referred to the magnetic meridian as observed on 08-12-06.

Beginning at a set 5/8" rebar at the intersection of Simmons Street and Bryan Street; thence with the r/w of Bryan Street, N 37 deg. 42 min. 43 sec. W 92.00 ft. to an axle found 15 ft. from the  centerline of Bryan Street, a corner to Robert Oliver (Deed Book 173, Page 59, Will Book 15, Page 779); thence with Oliver, N 56 deg. 50 min. 00 sec. E 119.45 ft. to an iron Pipe found, a corner to Oliver, in the line of Eudell Spears (Deed Book 267 Page 884, Deed Book 166 Page 26); thence with Spears, S 36 deg. 03 min. 50 sec. E 92.00 ft. to a set mag nail on the r/w of Simmons Street, a corner to Spears; thence with the r/w of Simmons Street, S 56 deg. 55 min. 03 sec. W 116.81 ft. to the beginning containing 0.248 acres more or less as surveyed by Joe R. Leftwich, PLS #3013 with Leftwich Land Surveying, Inc. on August 15, 2006. This property is subject to any existing r/w's or easements.

Being the same property conveyed unto Rosemarie Clemons by deed from Floyd Poynter and Linda Poynter, husband and wife, dated July 10, 2007, of record in Deed Book 306, Page 643, in the Office of the Barren County Clerk.

7. Upon information and belief the Plaintiff states that Rosemarie Clemons is deceased, having died intestate on or about June 8, 2018. A copy of the obituary for Rosemarie Clemons is attached hereto as Exhibit E and is incorporated herein by reference. A probate estate has not been established for Rosemarie Clemons in the Barren District Court.  Therefore, the interest of Rosemarie Clemons in the subject real property passed to her heirs-at-law as set forth in Kentucky statutes regarding intestate succession.

8. The Defendant, and/or said borrower, has failed and continue to fail to make payments of principal and interest due in accordance with the terms and conditions of the said Note and Mortgage and are, therefore, in default.

9. Paragraph (22) of the Mortgage provides that if default occurs in the performance or discharge of any obligation of the Mortgage, then RD shall have the right to accelerate and declare the entire amount of all unpaid principal together with all accrued and accruing interest to be immediately due and payable and to bring an action to enforce the

Mortgage, including the foreclosure of the lien thereof.  Because of the Default of the Defendants, and/or said borrower, as set forth above, RD caused a Notice of Acceleration of Indebtedness and Demand for Payment to be issued to said Defendants declaring the entire indebtedness due upon the said Note and Mortgage to be immediately due and payable, which demand has been refused.'

10. Paragraph (1) of the Subsidy provides that subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property.

11. The unpaid principal balance on the Mortgage and Note (account number ending 7714) is $41,436.60, with accrued interest of $14,537.23 through March 17, 2020, with the total subsidy granted of $8,597.04, and with fees assessed of $21,314.60, for a total unpaid balance due of $85,885.47.  Interest is accruing on the unpaid principal balance at the rate of $9.4334 per day after March 17, 2020.  An Affidavit of Proof Statement of Account signed by RD Foreclosure Representative, Kimberly Williamson, is attached hereto marked Exhibit F, and is incorporated herein as if set forth verbatim.

12. Included within the balance set out in paragraph 10 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $41,436.60, with interest accrued thereon of $14,537.23 through March 17, 2020. Interest is accruing on the unpaid balance at the rate of $9.4334 per day after March 17, 2020.

13. The unpaid principal balance on the Note (account number ending 9956) is $5,765.23, with accrued interest of $351.93 through March 17, 2020, for a total unpaid balance due of $6,117.16.  Interest is accruing on the unpaid principal balance at the rate of $0.1580

per day after March 17, 2020.  An Affidavit of Proof Statement of Account signed by RD Foreclosure Representative, Kimberly Williamson, is attached hereto marked Exhibit G, and is incorporated herein as if set forth verbatim.

14. Included within the balance set out in paragraph 12 above, the portion of the debt attributable to the Mortgage secured by the real estate collateral is the principal sum of $41,436.60, with interest accrued thereon of $14,537.23 through March 17, 2020. Interest is accruing on the unpaid balance at the rate of $9.4334 per day after March 17, 2020.

15. Upon information and belief, the Plaintiff states that the subject real property has been abandoned, as verified by a field inspection performed on March 10, 2020.  A copy of Field Inspection evidencing this allegation is attached hereto marked Exhibit H, and hereby incorporated by reference as if set forth at length herein.

16. Whether Rosemarie Clemons was married at the time of her death is unknown to the Plaintiff.  In the event Rosemarie Clemons was married at the time of her death, her unknown spouse may be vested with an interest in the subject real property.  Said interest is inferior in rank and subordinate to the mortgage interest in favor of RD. RD is entitled to judgment free and clear of said interest unless the Unknown Spouse of Rosemarie Clemons comes forth and asserts their interest in the subject real property.

17. Whether there are any heirs-at-law of Rosemarie Clemons in addition to those named as defendants herein who may have an interest in the subject real property is unknown to the Plaintiff.  In the event there are additional heirs-at-law of Rosemarie Clemsons, said heirs-at-law may be vested with an interest in the subject real property.  Said interest is inferior in rank and subordinate to the mortgage interest in favor of RD. RD is entitled to

judgment free and clear of said interest unless the Unknown Heirs of Rosemarie Clemons come forth and assert their interest in the subject real property.

18. Whether the Unknown Heirs of Rosemarie Clemons are married is unknown to the Plaintiff. In the event any unknown heir of Rosemarie Clemons is married, their spouse may be vested with an interest in the subject real property.  Said interest is inferior in rank and subordinate to the mortgage interest in favor of RD. RD is entitled to judgment free and clear of said interest unless the Unknown Spouses of the Unknown Heirs of Rosemarie Clemons come forth and assert their interest in the subject real property.

19. The Defendant, Ellamae Stephan, may have an interest in the subject real property by virtue of her status as an heir-at-law of Rosemarie Clemons.  Said interest is inferior in rank and subordinate to the mortgage interest in favor of RD.  RD is entitled to judgment free and clear of said interest unless Ellamae Stephan comes forth and asserts her interest in the subject real property.

20. The Defendant, Danny Stephan, may have an interest in the subject real property by virtue of his status as the spouse of Ellamae Stephan. Said interest is inferior in rank and subordinate to the mortgage interest in favor of RD.  RD is entitled to judgment free and clear of said interest unless Danny Stephan comes forth and asserts his interest in the subject real property.

21. The Defendant, Leroy Nichols, may have an interest in the subject real property by virtue of his status as an heir-at-law of Rosemarie Clemons.  Said interest is inferior in rank and subordinate to the mortgage lien in favor of RD.  RD is entitled to judgment free and clear of said interest unless Leroy Nichols comes forth and asserts his interest in the subject real property.

22. The Defendant, Lisa Nichols, may have an interest in the subject real property by virtue of her status as the spouse of Leroy Nichols. Said interest is inferior in rank and subordinate to the mortgage lien in favor of RD.  RD is entitled to judgment free and clear of said interest unless Lisa Nichols comes forth and asserts her interest in the subject real property.

23. The Defendant, City of Glasgow, Kentucky, may have an interest in the subject real property by virtue of a Notice of Lien recorded on November 18, 2014, in Encumbrance Book 38, Page 662 in the Office of the Barren County Clerk.  A copy of the Lien is attached hereto as Exhibit I and is incorporated by reference as if set forth verbatim herein.  Said interest is inferior in rank and subordinate to the mortgage lien in favor of RD.  RD is entitled to judgment free and clear of said interest unless the City of Glasgow, Kentucky, comes forth and asserts its interest in the subject real property.

24. The Property is indivisible and cannot be divided without materially impairing its value and the value of RD's lien thereon.

25. The lien on the Property in favor of RD by virtue of the Mortgage is first, prior and superior to all other claims, interests and liens in and to the Property except for liens securing the payment of ad valorem property taxes.

26. There are no other individuals or entities purporting to have an interest in the Property known to RD.

WHEREFORE, the Plaintiff, the RD, prays for relief as follows:

   a.   That the RD be awarded a judgment, as the total amount owing is $92,002.63, as of March 17, 2020.  Interest is accruing on the unpaid principal balance at the rate of $9.4334 per day after March 17, 2020, on account ending 7714, and

on the unpaid principal balance at the rate of $0.1580 per day after March 17, 2020, on account ending 9956, until entry of judgment herein, and thereafter according to law, plus costs, disbursement and expenses.

b.      That RD be adjudged a lien on the subject Property, prior and superior to any and all other liens, claims, interests, and demands, except liens for unpaid real estate ad valorem taxes and except as set forth above; and for an Order of Sale of the Property in accordance with Title 28, United States Code, Sections 2001- 2003, inclusive; that the Property be sold free and clear of any and all liens and claims for any and all parties to this action, except for real estate restrictions and easements of record, and any city, county, state, or school ad valorem taxes which may be due and payable thereon at the time of sale; and free and clear of any rider equity of redemption; and that the proceeds from the sale be applied first to the costs of this action, second to the debt, interest, costs, and fees due the Plaintiff, with the balance remaining to be distributed to the parties as their liens and interests may appear.

c.      That the Property be adjudged indivisible and be sold as a whole.

d.      That all Defendants be required to Answer and set up their respective liens, claims, or interests in the Property, if any, or be forever barred.

e.      For any and all other lawful relief to which the Plaintiff may appear properly

entitled.

Respectfully submitted,

By: /s/  Melissa R. Dixon
Attorney for the Plaintiff:
Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 ½ N. Main St. Ste. 2
London, KY 40741
Telephone: (606) 878-8906
Facsimile: (606)878-8907
Email: mrdixon@gambrelwilderlaw.com

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL HOUSING SERVICE

## PROMISSORY NOTE

Type of Loan  SECTION 502

Loan No.        7714

Date:    07/10    20 07

**SATISFIED**

This _____ day of _____ ,20 _____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

227 Bryan St
_____
(Property Address)
Glasgow                          Barren           KY
(City or Town)                   (County)         (State)

**BORROWER'S PROMISE TO PAY.** In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 46,500.00 (this amount is called "principal"), plus interest.

**INTEREST.** Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ___5.7500___ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

**PAYMENTS.** I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _____ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____ , and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in ___396___ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the __10th__ day of each month beginning on    August 10    2007 and continuing for __395__ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on __July 10   2040__ , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 262.33 . I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

**PRINCIPAL ADVANCES.** If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

**HOUSING ACT OF 1949.** This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

# EXHIBIT A

Account #    7714

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of ___15___ days after the date it is due, I will pay a late charge. The amount of the charge will be _____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

Account #    7714

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.

_Rosemarie Clemons_ Seal
Borrower Rosemarie Clemons

_____ Seal
Borrower

_____ Seal
Borrower

_____ Seal
Borrower

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 46,500.00 | 07-10-2007 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL   $ 46,500.00 | |

\# 7714

[Space Above This Line For Recording Data]

Form RD 3550-14 KY
(Rev. 12-05)

Form Approved
OMB No. 0575-0172

United States Department of Agriculture
Rural Housing Service

## MORTGAGE FOR KENTUCKY

THIS MORTGAGE ("Security Instrument") is made on      July 10      , 2007. [Date]

The mortgagor is     ROSEMARIE CLEMONS, unmarried

("Borrower").

This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| 7-10-2007 | $46,500.00 | 7-10-2040 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant, and convey to Lender the following described property located in the County of     Barren

, State of Kentucky

### See attached Exhibit "A" herein

which has the address of     227 Bryan Street                              Glasgow
                                         [Street]                                              [City]

Kentucky     42141     [ZIP]                ("Property Address");

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

Page 1 of 6

## EXHIBIT B

BARREN COUNTY
M373     Pg 693

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

2. **Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

3. **Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice

identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the property.

5. **Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgagee clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

6. **Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

7. **Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

8. **Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

9. **Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

10. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and

Page 3 of 6

#   7714

shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

11. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

15. **Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, or leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.

17. **Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, handicap, age, or familial status, and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, handicap, age or familial status.

18. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice

Page 4 of 6

will state the name and address of the new Loan Servicer and the address to which payments should be made.

19.   **Uniform Federal Non-Judicial Foreclosure.**   If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

20.   **Hazardous Substances.**   Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property.   The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.   Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge.   If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials.   As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

21.   **Cross Collateralization.**   Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

**NON-UNIFORM COVENANTS.**   Borrower and Lender further covenant and agree as follows:

22. **SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the Property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the Property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

23.   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower.   At foreclosure or other sale of all or any part of the Property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

24.   Borrower agrees that Lender will not be bound by any present or future state laws, (a) providing for valuation, appraisal, homestead or exemption of the Property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which Lender may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the Property to a new Borrower.   Borrower expressly waives the benefit of any such state law.   Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

25.   **Release.**   Upon termination of this mortgage, after payment in full, the mortgagee, at Borrower's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365

26.   **Riders to this Security Instrument.**   If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider        ☐ Planned Unit Development Rider        ☐ Other(s) [specify]

#   7714

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument.

*Rosemarie Clemons* [SEAL]
Rosemarie Clemons—*Borrower*

_____ [SEAL]
*Borrower*

STATE OF KENTUCKY
COUNTY OF _Warren_
} ss :

**ACKNOWLEDGMENT**

Before me, _____Sharon S. Pyle_____, a Notary Public in and for the County of _____Warren_____, personally appeared _Rosemarie Clemons, unmarried_ who acknowledged that _she_ executed the foregoing instrument on the _10th_ day of _July_, _2007_ as _her_ free act and deed.

WITNESS my hand and official seal this _10th_ day of _July_ _2007_.

[SEAL]

_Sharon S. Pyle_ Notary Public
Sharon S. Pyle

My commission expires

9-5-2009

**PREPARER'S STATEMENT**

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of:

Reynolds, Johnston, Hinton & Pepper
*(Name)*

_Mike Reynolds, Esq._ (Signature)

310 E. 11th Ave., P.O. Box 4000, Bowling Green, KY 42102-4000
*(Address)*

**RECORDER'S CERTIFICATE**

STATE OF KENTUCKY
COUNTY OF _____
} ss :

I, _____, Clerk of the County Court for the County aforesaid, do certify that the foregoing mortgage was on the _____ day of _____, _____ lodged for record _____ at _____ o'clock __M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ day of _____, _____.

_____
*Clerk of*   *County Court*
By _____, D.C.

#   7714

## Exhibit "A"

Survey as shown on Plat of Property of Michael Davis, recorded in Plat Book 18, page 332 (D.B. 198 Pg. 371, W.B. 15 Pg. 779, a portion of Lot #28 all of Lot #29, 30 & 31 of Section "E" of the Strader Addition of P.B. 1 Pg. 75) Barren County Court Clerk's Office, Glasgow, Kentucky, described as follows:

Unless stated otherwise, any monument referred to herein as a "set rebar" is 5/8 inches in diameter, twenty-four inches in length with plastic cap stamped Joe R. Leftwich PLS #3013. All bearing stated herein are referred to the magnetic meridian as observed on 08-12-06.

Beginning at a set 5/8" rebar at the intersection of Simmons Street and Bryan Street; thence with the r/w of Bryan Street, N 37 deg. 42 min. 43 sec. W 92.00 ft. to an axle found 15 ft. from the centerline of Bryan Street, a corner to Robert Oliver (Deed Book 173 Page 59, Will Book 15, Page 779); thence with Oliver, N 56 deg. 50 min. 00 sec. E 119.45 ft. to an iron Pipe found, a corner to Oliver, in the line of Eudell Spears (Deed Book 267 Page 884, Deed Book 166 Page 26); thence with Spears, S 36 deg. 03 min. 50 sec. E 92.00 ft. to a set mag nail on the r/w of Simmons Street, a corner to Spears; thence with the r/w of Simmons Street, S 56 deg. 55 min. 03 sec. W 116.81 ft. to the beginning containing 0.248 acres more or less as surveyed by Joe R. Leftwich, PLS #3013 with Leftwich Land Surveying Inc. on August 15th, 2006. This property is subject to any existing r/w's or easements.

Being the same property conveyed unto Rosemarie Clemons by deed from Floyd Poynter and Linda Poynter, husband and wife, dated July 10, 2007, of record in Deed Book 326, Page 643, in the Office of the Barren County Clerk.

DOCUMENT NO:   196988
RECORDED ON: JULY 11,2007 10:03:13AM
TOTAL FEES:   $29.00
COUNTY CLERK: PAM HODGES BROWNING
COUNTY:   BARREN COUNTY
DEPUTY CLERK: ALICIA HOPE FIELDS
BOOK M373   PAGES 693 - 699

Form RD 3550-12
(Rev. 9-06)

**United States Department of Agriculture**
**Rural Housing Service**

Form Approved
OMB No. 0575-0172

Account #       7714

## SUBSIDY REPAYMENT AGREEMENT

Only one agreement should be executed by the subject borrower for the subject property. The agreement is completed at the closing of the first Agency loan to the borrower regardless of whether or not they qualify for payment assistance at that time.

1. As required under section 521 of the Housing Act of 1949 (42 U.S.C. 1490a), subsidy received in accordance with a loan under section 502 of the Housing Act of 1949 is repayable to the Government upon the disposition or nonoccupancy of the security property. Deferred mortgage payments are included as subsidy under this agreement.

2. When I fail to occupy or transfer title to my home, recapture is due. If I refinance or otherwise pay in full without transfer of title and continue to occupy the property, the amount of recapture will be calculated but payment of recapture can be deferred, interest free, until the property is subsequently sold or vacated. If deferred, the Government mortgage can be subordinated but will not be released nor the promissory note satisfied until the Government is paid in full. In situations where deferment of recapture is an option, recapture will be discounted 25% if paid in full at time of settlement.

3. Calculating Original Equity.

For Self-Help loans, the market value is the appraised value as determined at the time of loan approval/obligation, which is subject to completion per plans and specifications. If the house is not ultimately furnished under the Self-Help program, an amended agreement using the market value definition for all other transactions as outlined below must be completed.

For all other transactions, the market value is the lower of the:

      Sales price, construction/rehabilitation cost, or total of these costs, whichever is applicable
      OR
      Appraised value as determined at the time of loan approval/obligation.

If the applicant owns the building site free and clear or if an existing non-Agency debt on the site without a dwelling will not be refinanced with Agency funds, the market value will be the lower of the appraised value or the construction cost plus the value of the site.

Market value of property located at:

227 Bryan St
Glasgow, KY     42141                            $ 45,000.00

Less Prior Liens                          $_____    Held by _____
                                          $_____    Held by _____
Less Subordinate Affordable Housing Products   $_____    Held by _____
                                          $_____    Held by _____
Less Rural Development Single Family Housing Loans   $ 46,500.00
Equals Original Equity (If negative number use "0")   $ 0.00

Percent of Original Equity                 $ 0.00     %
(Determined by dividing original equity by the market value)

4. If all loans are not subject to recapture, or if all loans subject to recapture are not being paid, the amount to be recaptured is computed according to the following formula. Divide the balance of loans subject to recapture that are being paid by the balance of all open loans. Multiply the result by 100 to determine the percent of the outstanding balance of open loans being paid.

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

**EXHIBIT C**

5.

| months loan outstanding | 1 % | 1.1 2% | 2.1 3% | 3.1 4% | 4.1 5% | 5.1 6% | 6.1 7% | >7% |
|---|---|---|---|---|---|---|---|---|
| | | | | Average interest rate paid | | | | |
| 0 - 59 | .50 | .50 | .50 | .50 | .44 | .32 | .22 | .11 |
| 60 - 119 | .50 | .50 | .50 | .49 | .42 | .31 | .21 | .11 |
| 120 - 179 | .50 | .50 | .50 | .48 | .40 | .30 | .20 | .10 |
| 180 - 239 | .50 | .50 | .49 | .42 | .36 | .26 | .18 | .09 |
| 240 - 299 | .50 | .50 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 - 359 | .50 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 & up | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

6. Calculating Recapture

Current Market value

LESS

Original amount of prior liens and subordinate affordable housing products,
RHS balance,
Reasonable closing costs,
Principal reduction at note rate,
Original equity (see paragraph 3), and
Capital improvements (see 7 CFR part 3550).

EQUALS

Appreciation value. (If this is a positive value, continue.)

TIMES

Percentage in paragraph 4 (if applicable),
Percentage in paragraph 5, and
Return on borrower's original equity (100% - percentage in paragraph 3).

EQUALS

Value appreciation subject to recapture. Recapture due equals the lesser of this figure or
the amount of subsidy received.

Borrower agrees to pay recapture in accordance with this agreement.

| Borrower | Date |
|---|---|
| Rosemarie Clemons. | 07-10-2007 |
| Borrower | Date |
| | |

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

## UNITED STATES DEPARTMENT OF AGRICULTURE
## RURAL HOUSING SERVICE

### PROMISSORY NOTE

Type of Loan   SECTION 504

**SATISFIED**

Loan No.        9956

Date:  03/10    20 09

This _____ day of _____ ,20 ____
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

227 Bryant St

(Property Address)

Glasgow                    , Barren            , KY
(City or Town)                  (County)            (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 7,465.00 (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of _____ 1 _____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in _____ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____ , and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in _____ 240 _____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the  10th  day of each month beginning on ____ April 10 _____ , 2009  and continuing for  239  months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ___ March 10 __ , 2029 , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 34.34 _____ . I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

# EXHIBIT D

Account #        9956

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of __15__ days after the date it is due, I will pay a late charge. The amount of the charge will be _____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account #     9956

**NOTICES.** Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the property address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

**OBLIGATIONS OF PERSONS UNDER THIS NOTE.** If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

**WAIVERS.** I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

**WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Debarment regulations, 7 C.F.R. part 3017.**

_Rosemarie Clemons._

Borrower Rosemarie Clemons         _____ Seal
       Borrower

_____ Seal        _____ Seal
       Borrower               Borrower

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $ 7,465.00 | 03-10-2009 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 7,465.00 | |

7/16/2020                              Rosemarie Clemons | Obituary | Glasgow Daily Times





## Rosemarie Clemons

### March 2, 1935 - June 8, 2018

Rosemarie Clemons, 83, of Glasgow, died Friday June 8, 2018 at the Glenview Health and Rehabilitation Center in Glasgow. She was born in Chicago, Illinois, the daughter of the late Ronald Lee and Ruth Cook. Mrs. Clemons was a homemaker and self-employed housekeeper. She was a member of the Seventh-day Adventist Church since 2002. Survivors include a daughter, Ellamae Stephan (Danny), of Allyn, Washington; son, Leroy Nicholas (Lisa), of Glasgow; 10 grandchildren; seven great grandchildren; two sisters, Ruby Huff and Mae Likens, both of Glasgow. In addition to her parents, she was preceded in death by her husband, Jackie Clemons; a daughter, Ruby Jean Harris; brother, Roy B. Cook. Funeral services will be 11 a.m. Wednesday, June 13, 2018 at A.F. Crow & Son Funeral Home with burial in Pleasant Hill Cemetery at Randolph, Kentucky. Visitation will be from 4 until 8 p.m. Tuesday and Wednesday morning until time for services at A.F. Crow & Son Funeral Home.

**To plant a tree in memory of Rosemarie Clemons, please visit Tribute Store.**

## Guestbook

0 posts

# EXHIBIT E

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL DEVELOPMENT**

**AFFIDAVIT OF PROOF STATEMENT OF ACCOUNT AS TO:**

Borrower's Name(s):                    **Rosemarie Clemons**
RD Loan Number(s):                     **7714**

**STATE OF MISSOURI**
**COUNTY OF ST LOUIS**

Personally appeared before me the undersigned authority, **Kimberly Williamson**, Foreclosure Representative, Rural Development (RD) who upon oath deposes and says that she is an employee of the United States Department of Agriculture, an agency of the United States of America, and further states as follows:

1. That affiant is the RD Officer charged with legal custody of the accelerated RD loan file.

2. That affiant has personally reviewed **Rosemarie Clemons**, borrowers Rural Development's accelerated RD loan account and file, and according to the records maintained and kept in this office, the borrower(s) as of **March 17, 2020**, owe(s) the unpaid balance of **$85,885.47** which includes principal, interest accrued to date and other charges to the account as provided by the loan instruments and applicable law.  Interest continues to accrue at the rate of **$9.4334** per day as provided by the loan instruments. The payment is due the **10th** of every month and is currently delinquent for **March 10, 2014** thru **March 17, 2020.**

3. The account is delinquent as of **March 17, 2020** in the amount of **$43,816.63.**

Breakdown of the unpaid balance:

| | |
|---|---|
| Loan Number | **7714** |
| Principal Balance | $ 41,436.60 |
| Interest | $ 14,537.23 |
| Total Subsidy Granted | $  8,597.04 |
| Escrow | $ |
| Late Charges | $ |
| Fees Assessed | $ 21,314.60 |
| Escrow Credits | $ |
| **TOTAL** | **$ 85,885.47** |

Affiant has personal knowledge of the above-stated facts, is competent to testify to same, and declares that the foregoing is true and correct.

Kimberly Williamson, Foreclosure Representative
St. Louis, MO
Rural Development
United States Department of Agriculture

Sworn to and subscribed before me this 17th day of March, 2020

Kari C. Meyer, Notary
Notary Public for Missouri
My Commission Expires: 02/24/2022

KARI C. MEYER
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 14398578
My Commission Expires Feb 24, 2022

**EXHIBIT F**

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**RURAL DEVELOPMENT**

**AFFIDAVIT OF PROOF STATEMENT OF ACCOUNT AS TO:**

Borrower's Name(s):              **Rosemarie Clemons**
RD Loan Number(s):               **9956**

**STATE OF MISSOURI**
**COUNTY OF ST LOUIS**

Personally appeared before me the undersigned authority, **Kimberly Williamson**, Foreclosure Representative, Rural Development (RD) who upon oath deposes and says that she is an employee of the United States Department of Agriculture, an agency of the United States of America, and further states as follows:

1. That affiant is the RD Officer charged with legal custody of the accelerated RD loan file.

2. That affiant has personally reviewed **Rosemarie Clemons**, borrowers Rural Development's accelerated RD loan account and file, and according to the records maintained and kept in this office, the borrower(s) as of **March 17, 2020**, owe(s) the unpaid balance of **$6,117.16** which includes principal, interest accrued to date and other charges to the account as provided by the loan instruments and applicable law.  Interest continues to accrue at the rate of **$0.1580** per day as provided by the loan instruments. The payment is due the **10th** of every month and is currently delinquent for **March 10, 2014 thru March 17, 2020.**

3. The account is delinquent as of **March 17, 2020** in the amount of **$2,506.82.**

Breakdown of the unpaid balance:

| | |
|---|---|
| Loan Number | 9956 |
| Principal Balance | $ 5,765.23 |
| Interest | $   351.93 |
| Total Subsidy Granted | $ |
| Escrow | $ |
| Late Charges | $ |
| Fees Assessed | $ |
| Escrow Credits | $ |
| **TOTAL** | **$ 6,117.16** |

Affiant has personal knowledge of the above-stated facts, is competent to testify to same, and declares that the foregoing is true and correct.

*Kimberly Williamson*

Kimberly Williamson, Foreclosure Representative
St. Louis, MO
Rural Development
United States Department of Agriculture

Sworn to and subscribed before me this 17th day of March, 2020

*Kari C. Meyer*

**Kari C. Meyer**, Notary
Notary Public for Missouri
My Commission Expires: 02/24/2022

> KARI C. MEYER
> Notary Public - Notary Seal
> St Louis County - State of Missouri
> Commission Number 14398578
> My Commission Expires Feb 24, 2022

**EXHIBIT G**

MCS 360

--%>

## Property Details      7714] >> Inspection Details

Allow Third Party to View                                                                    Inspectio

**Property Info**

| Loan #: | **7714** | Type: | **USDA** | FHA #: | | Mortgagor: | **ROSEMARIE CL** |
| PMID: | **7571257** | FTV Date: | **4/30/2015** | ICC: | **Unknown** | **227 BRYAN ST** | Vie |
| Grass Cut Cycle: | **On** | Investor Type: | **USDA** | Investor Name: | | **GLASGOW,** KY 42141 | Pro Ima |
| Allow Maint: | **Yes** | Allow Insp: | **Yes** | Hazard: | **No** | Transferred Property: | No |
| Property Lot Size: | **10803** | Sale DT: | | Environmental Hazard: | No | VIN Number: | |
| Maint Area: | **9,450 SqFt** | Total Lawn Size: | **9,450 SqFt** | Multi-Units: **Yes** (Number of Units: 0) | | Add'l Bldg (s): | **Detached Gara** |
| Keypad Code: | | Contact Phone: | | Community Name: | | Lockbox Code: | **2474** Key 35 |
| Tenant Occupied: | **No** | Sub-Client: | | | | | |
| Maintained Area: | **9,450 SqFt** | Lawn Condition: | | **Grass Height 6-7 inches** | | Grass Cut Flag: | **Always Cut Gra (Fixed)** |
| ReReg Due Date: | | Municipality: | | | | | |
| Access Note: | | | | | | | |

‹          ›

**EXHIBIT H**

## Inspection Details

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Insp Type: | Verify Occupancy (Occupancy-Full) | Time Frame: | 7 Day | Req By: | CODY POGUE | | |
| Requested: | 3/9/2020 | Ordered: | 3/9/2020 | Inspected: | 3/10/2020 | Billed: | 3, |
| Uploaded: | 3/10/2020 | Cancelled: | | Interior Photos: | 9 | Exterior Photos: | 1 |
| Photo Amt: | 0.00 | Insp Price: | 25.30 | Total: | 25.30 | Secure: | S |
| Occupancy: | Vacant | Occupied Units: | 0 | Verification: | Property Not Maintained, Vac Signage Posted, and Visual | | |
| Add'l Bldgs: | No | Type of Buildings: | | | | | |
| Pers Prop: | Interior | Pers Prop: | | | | Prop Type: | SI |
| Full Baths: | 0 | Half Baths: | 0 | Bedrooms: | 0 | | |
| Color: | Gray | Construction: | Frame | Condition: | Fair | Stories: | 1 |
| Value: | $0K-$100K | Neighborhood: | Stable | Boarded: | | Garage: | N |
| LockBox: | Functional | Hazards: | No | For Sale: | No | Seller: | N A |
| Water Damage: | No | Burst Water Line/Fixture: | No | Windows Count: | 0 | Door Count: | 0 |
| Broker: | | Phone: | | Sign In Yard: | | | |
| Keys Fit: | Yes | Walk Thru Done: | Yes | Interior Condition: | Fair | Results Confirm | |
| Tarped Roof: | No | Sump Pump: | | Hot Water Tank: | | USAR Symbol: | |
| AC/HVAC Present: | | Window AC Unit: | | Furnace Present? | | | |
| Damaged Foundation: | | Damaged Beyond Repair: | | Damage Affects Safety: | | Maybe Habitable: | |
| Dehumidifier: | | Dehumidifier Self Draining: | No | Water Heater: | | Water Heater Strapped: | N |
| Broom Swept | | Flooring Condition Issue | Yes | Deck Handrails Present | Yes | | |
| Int. Debris: | Yes | | | Hazards: | | | |
| Ext. Debris: | | | | | | | |
| Unsecured on arrival: | No | Card left at property: | No | Vacancy Posting left at property: | No | Letter delivered to property: | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Pool: | No | Pool Type: | Pool Secure: | Pool Secure Method: | No | |
| Spa on site: | No | Spa Secure Method: | | NotProvided | Does Spa Have more than 2" of water? | |
| Hot Tub: | No | Hot Tub Secure Method: | | NotProvided | Does Hot Tub Have more than 2" of water | |
| Fountain: | No | Fountain Secure Method: | | NotProvided | Does Fountain Have more than 2" of wate | |
| Water Feature | No | Water Feature Secure Method: | | NotProvided | Does Water Feature Have more than 2" of water? | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Interior Access: | | | | | | Violatio Poste |
| Lawn Type: | Grass Height 0-2 inches | Roof Type: | | Doors Boarded: | 0 | Windo Boarde |
| Locks Changed: | No | Sewer/Septic Connected: | No | Shared Utilities: | No | HOA Maintained: No | La Maintaine |

| | | | |
|---|---|---|---|
| Water shut-off location: | | Debris Type: | Debris Location: |

Prev. Winterized: **No**      By whom:

Reason for poor exterior condition:

Reason for poor interior condition:      **Fair**

**Unsecured Areas:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Front door: **No** | Back door: **No** | Basement: **No** | Crawl space: **No** | Garage door: **No** | Side door: **No** | Gat |
| Ground level: **No** | Pet door: **No** | windows: **No** | Upper story window: **No** | Outbuilding **No** | Other: **No** | |

**Appliances/Fixtures Missing:**

| | | | | |
|---|---|---|---|---|
| Dishwasher: **No** | Dryer: **No** | Garbage Disposal: **No** | Kitchen vent: **No** | Oven/Range: |
| Build-in microwave: **No** | Washer: **No** | Refrigerator: **No** | Stove **No** | Toilets: |
| Smoke Detector: **No** | CO2 Detector: **No** | Tubs/Showers: **No** | GFCI in wet areas: **No** | Plumbing: |
| HVAC Components: **No** | Elec. Breaker panel: **No** | | | |

**Vacant Property Factors (Exterior)**

| | | | |
|---|---|---|---|
| Above ground propane gas tank present: **No** | | AC or Air Handler unsecure: |
| Drainage Concerns: **No** | | Broken glass present: |
| Chimney damage: **No** | | Soffit damage: |
| Fascia damage: **No** | | Gutters/Down spouts damage: |
| Shutter(s) damage: **No** | | Debris on roof: |
| Decks/Porches unacceptable/unsafe: **No** | | Drain pipes missing/damage: |
| Handrails damage/missing: **No** | | Fence around property in disrepair: |
| Graffiti on exterior/interior - visible from outside: **No** | | Hazards at risk of damaging adjoining property: |
| Roof sagging: **No** | | Inoperable/leaking heating oil tank present: |
| Paved areas need cleaned of snow/ice: **No** | | Snow greater than 18" on roof: |
| Shingles missing/damaged: **No** | | Roof holes: |
| Building Exterior Surfaces Intact: **Yes** | | |
| Tripping Hazards location: | | |
| Insects/Wildlife: **No** | | |

**Vacant Property Factors (Interior)**

| | | |
|---|---|---|
| Attic Damage: **No** | Electric cover plates missing/uncapped: **No** | Flooring has holes, other trip hazards: |
| Raw/Perishable garbage present: **No** | Water penetration visible in basement: **No** | Crock present for sump pump: |
| Doors/Entryway Damage: **No** | Peeling, cracking, scaling, chipping paint: **No** | Sink Damage: |
| Feces: **No** | | |

‹                                                                         ›

MCS 360

**Vacant Property Factors (Landscape)**

| | | |
|---|---|---|
| Lawn needs edging: **No** | Leaves/Pine needles: **No** | Overgrown weeds/invasive plants: |
| Shrubs need trimmed: **No** | Trees need trimmed: **No** | Vines Overgrown: |
| Weeds Overgrown: **No** | Trees/bushes need trimmed away from structure: **No** | Down Branches: |
| Trees On House: **False** | | |
| Other: **No** | | |

**Vacant Property Factors (Outbuildings)**

| | | |
|---|---|---|
| Outbuilding boarded: **No** | Outbuilding in disrepair: **No** | Outbuilding(s) need exterior surface repair: |
| Outbuilding(s) need roof repair: **No** | Outbuilding(s) need securing: **No** | Outbuilding(s) with graffiti: |
| Outbuilding(s) with roof tarp: **No** | | |

**Vacant Property Factors (Pool/Hot Tub)**

| | | |
|---|---|---|
| Other water feature requiring maintenance: **No** | Pool/Hot Tub equipment missing: **No** | Spa covered: |
| Pool/Hot Tub fence/gate/lanai in disrepair: **No** | Pool/Hot Tub needs treatment: **No** | Spa drained: |
| Remove damaged/unsecurable pool: **No** | Pool water condition: | Spa secured: |

**Vacant Property Factors (Pool/Hot Tub)**

| | | | |
|---|---|---|---|
| 911 Emergency: **No** | Crime Scene: **No** | Media: **No** | Threatening or disparaging actions or behavior: |
| Other **No** | | | |

| **Maintenance Needed** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Cut Grass: | **No** | Height: | **0-2 inches** | Winterize: | **No** | Locks: | |
| Boarding: | **No** | | | Debris: | **Interior** | Windows: | |
| Remove Snow: | **No** | Depth: | | Tarp Roof: | | Walkway: | |
| Walls: | | Bees / Wasps: | | Other Infestation: | | Interior Standing Wate | |

| **Utilities** | | |
|---|---|---|
| Electric On: | **No** | If Un-available, Reason why: |
| Water On: | **No** | If Un-available, Reason why: |
| Gas On: | **No** | If Un-available, Reason why: |
| Electric verified by: | | Electric provided by: |
| Water verified by: | | Water provided by: |
| Gas verified by: | | Gas provided by: |

| **Are any of the following visual from the property?** | | | | | |
|---|---|---|---|---|---|
| Airport: | **No** | Commercial Buildings: | **No** | Other Non-Residential Facilities: | **No** Highway: |
| Industrial Plants: | **No** Railroad Tracks: | | **No** Vacant (Boarded) Homes: | | **No** Suspicious Odors: |
| Hightension Lines: | **No** Vacant Lots: | | **No** Streets in Disrepair: | | **No** Potential Hazardous Material: |
| Drug Activity: | **No** | | | | |
| Other: | | | | | |

**Exterior Condition Data**

< >

MCS 360                                                                                    Page 5 of 5

| | | | | |
|---|---|---|---|---|
| Conforms to neighborhood conditions? | Yes | Commercial Activity? | | |
| Zoning affects marketability? | No | Damage affects safety? | | |
| Adverse easements or encroachments? | No | Visible signs of construction or remodeling? | | |
| Driveway? | No | Street? | | |
| Other? | Yes | | | |

**Damages**

| Type | Discovered | Amount | Status | Updated | Comment | Location |
|---|---|---|---|---|---|---|
| Owner Neglect | 8/29/2015 2:00:00 PM | $499.00 | No Change/Stable | 3/10/2020 | LARGE AMOUT OF DEBRIS | Other: THROUGHOI THE INTERIO |
| Plumbing | 9/30/2015 11:00:00 AM | $600.00 | Not Present | 3/10/2020 | LINES CUT NO WASHER HOOK UP | Other: INTERIOR |
| Mildew/Mold | 3/16/2016 11:00:00 AM | $400.00 | Not Present | 3/10/2020 | MOISTURE | Bathroom |
| Mildew/Mold | 3/16/2016 11:00:00 AM | $600.00 | Not Present | 3/10/2020 | MOISTURE | Kitchen |
| Graffiti | 2/13/2017 11:00:00 AM | $400.00 | Not Present | 3/10/2020 | GRAFFITI | Exterior |
| Owner Neglect | 3/16/2017 11:00:00 AM | $1,200.00 | No Change/Stable | 3/10/2020 | FLOORING | Other: Throughout |
| Mildew/Mold | 3/17/2017 11:00:00 AM | $600.00 | Not Present | 3/10/2020 | MOISTURE | Kitchen |
| Vandalism | 2/19/2019 11:00:00 AM | $400.00 | Not Present | 3/10/2020 | GARAGE AND CRAWLSPACE | Garage |
| Owner Neglect | 4/15/2019 11:00:00 AM | $600.00 | Not Present | 3/10/2020 | GUTTERS AND DOWNSPOUTS MISSING OR DAMAGE | Exterior |
| Missing appliances | 4/15/2019 11:00:00 AM | $1,399.00 | No Change/Stable | 3/10/2020 | NO REFRIGERATOR | Kitchen |
| Vandalism | 9/11/2019 11:00:00 AM | $450.00 | No Change/Stable | 3/10/2020 | GRAFFITI ON GARAGE AND BROKEN DOORS | Exterior |
| Fire | 1/19/2020 11:00:00 AM | $4,999.00 | No Change/Stable | 3/10/2020 | BURNED | Garage |

Disclaimer: The damage amount represents an eyeball estimate only

**Violations**

No Violations reported on this inspection.

**Comments**

Heavy debris ; Visual; Property Not Maintained; Vacancy Signage Posted; Aspen Grove Number: KY421041030 Occup
Verification by Visual, Property Not Maintained, and Vacancy Signage Posted.

**Notes**

No Notes exist for this inspection.

**No Access**

There have not been any No Access details reported on this work order.

**Postings / Notices**

No Postings/Notices reported on this inspection.

❮                        Mortgage Contracting Services, LLC. Copyright 2011                        ❯

## STATEMENT OF LIEN

**WHEREAS,** owner, occupant or person having control or management of land within the City of Glasgow is in violation of KRS 381.770 and Glasgow City Code Section 95.04 , as a result of which the City of Glasgow has incurred expenses in the amount of Forty-five dollars  ($45) to abate the nuisance created thereby (specifically, mowing);

**NOW, THEREFORE, NOTICE IS HEREBY GIVEN** that the City of Glasgow claims, and has, a lien upon the real property of Rosemarie Clemons, located at 227 Bryan St.,  Glasgow, Kentucky 42141 (Map #G4-1-22), in the amount of Forty-five dollars ($45) dated 11-4-14 and $26.00 for lien recording and fees.  Said property being the same property conveyed to the property owners by deed of Floyd & Linda Poynter, dated July 10, 2007 and recorded in Deed Book 306 Page 643, all records in the Barren County Clerk's office, Glasgow, Kentucky. For release information contact Code Enforcement Officer listed below.

This _19_ day of _Nov._, 2014

CITY OF GLASGOW

BY: _Larry Baldock_

LARRY BALDOCK, Code Enforcement Officer
126 E Public Square
Glasgow, KY 42141
270-651-3921

STATE OF KENTUCKY
COUNTY OF BARREN
    On the _19_ day of _Nov_, 2014, the foregoing instrument was acknowledged, subscribed, and sworn to before me by CITY OF GLASGOW, by and through LARRY BALDOCK, Code Enforcement Officer, who personally appeared before me and is known to me (or who produced sufficient evidence that he is the person described in and who executed the foregoing instrument.)

NOTARY PUBLIC-KENTUCKY AT LARGE  #500888
My Commission Expires: 11-15-2017

This instrument prepared by:

Ben Rogers
Glasgow City Attorney
126 E Public Square
Glasgow, KY 42141
(270) 651-2258

# EXHIBIT I

DOCUMENT NO: 335001
RECORDED:November 19,2014 02:31:00 PM
TOTAL FEES:      $13.00
COUNTY CLERK: JO ANNE LONDON
DEPUTY CLERK: PAM MEDLEY
COUNTY: BARREN COUNTY

BOOK: E38    PAGES: 662 - 662

BARREN COUNTY
E38    PG662

✎JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

United States of America

**(b)** County of Residence of First Listed Plaintiff   N/A
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gambrel & Wilder Law Offices, PLLC, 1222 1/2 N. Main Street, Suite 2, London, KY 40741, (606) 878-8906

**DEFENDANTS**
Unknown Spouse of Rosemarie Clemons, Unknown Heirs of Rosemarie Clemons, Unknown Spouses of Unknown Heirs of Rosemarie Clemons, et al

County of Residence of First Listed Defendant   Barren
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
              LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☒ 1  U.S. Government
        Plaintiff

☐ 2  U.S. Government
        Defendant

☐ 3  Federal Question
        (U.S. Government Not a Party)

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1  Original
        Proceeding

☐ 2  Removed from
        State Court

☐ 3  Remanded from
        Appellate Court

☐ 4  Reinstated or
        Reopened

☐ 5  Transferred from
        another district
        (specify)

☐ 6  Multidistrict
        Litigation

☐ 7  Appeal to District
        Judge from
        Magistrate
        Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 USC 1345
Brief description of cause:
Foreclosure of USDA Mortgage

**VII. REQUESTED IN**
**COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

**DEMAND $**
92,002.63

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

**VIII. RELATED CASE(S)**
**IF ANY**
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
08/19/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Melissa R. Dixon

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| _Plaintiff_ | ) |
| | ) |
| v. | ) |
| Unknown Spouse of Rosemarie Clemons, et al | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_ Ellamae Stephans
P O Box 1491
Allyn, WA 98524

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St. Ste. 2
London, KY 40741

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____                    _____
                                                                    _Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | |
|---|---|
| United States of America | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| Unknown Spouse of Rosemarie Clemons, et al | ) |
| _____ | ) |
| *Defendant* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Danny Stephans
P O Box 1491
Allyn, WA 98524

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St. Ste. 2
London, KY 40741

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*


                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| United States of America | ) |
|---|---|
| _Plaintiff_ | ) |
| v. | ) Civil Action No. |
| Unknown Spouse of Rosemarie Clemons, et al | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Leroy Nichols
1007 Nan Bishop Road
Glasgow, KY 42141

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St. Ste. 2
London, KY 40741

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*                                        .

❐  I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

❐  I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐  I served the summons on *(name of individual)*                                        , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❐  I returned the summons unexecuted because                                        ; or

❐  Other *(specify):*

                                                                                          .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| | | |
|---|---|---|
| United States of America | ) | |
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Unknown Spouse of Rosemarie Clemons, et al | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Lisa Nichols
1007 Nan Bishop Road
Glasgow, KY 42141

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St. Ste. 2
London, KY 40741

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

□ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

□ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

□ I returned the summons unexecuted because _____ ; or

□ Other *(specify):*


_____ .


My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .


I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                            *Server's signature*

                                         _____
                                                            *Printed name and title*


                                         _____
                                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Kentucky

| United States of America | ) |
| --- | --- |
| _Plaintiff_ | ) |
| | ) |
| v. | ) Civil Action No. |
| Unknown Spouse of Rosemarie Clemons, et al | ) |
| | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  City of Glasgow, Kentucky
c/o Harold Armstrong, Mayor
P O Box 278
Glasgow, KY 42142

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Melissa R. Dixon
Gambrel & Wilder Law Offices, PLLC
1222 1/2 N. Main St. Ste. 2
London, KY 40741

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____

_____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑  I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑  I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑  I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑  I returned the summons unexecuted because _____ ; or

❑  Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: